IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAUL BELTRAN PEREZ,

    Plaintiff,

v.

McINTOSH COUNTY SHERIFF'S DEPARTMENT, Federal Holding Facility,

    Defendant.

CIVIL ACTION NO.: CV211-095

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the McIntosh County Jail in Darien, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states he was put in confinement on May 19, 2011. He states he wants to be moved into general population or transferred to D. Ray James Detention Center.

Plaintiff lists the McIntosh County Sheriff's Department as the only defendant in this suit. Plaintiff's claims against the McIntosh County Sheriff's Department should be dismissed. Sheriff's Departments are not legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff fails

to allege any facts indicating that a person acting under color of state law deprived him of any "right, privilege, or immunity."

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED** for failing to state a claim upon which relief can be granted.

**SO REPORTED** and **RECOMMENDED**, this 28th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE